**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 02-2452**

———————————

GENEVIEVE GAIHE GNIZAKO,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A75-356-654)

———————————

Submitted: July 14, 2003          Decided: July 24, 2003

———————————

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Ronald D. Richey, RONALD D. RICHEY & ASSOCIATES, Rockville,
Maryland, for Petitioner. Robert D. McCallum, Jr., Assistant
Attorney General, Allen W. Hausman, Senior Litigation Counsel,
Terri Leon-Benner, Office of Immigration Litigation, Civil
Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Genevieve Gaihe Gnizako, a native and citizen of the Ivory Coast, petitions this court for review of a final order of the Board of Immigration Appeals affirming without opinion the immigration judge's denial of asylum and withholding of removal. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We conclude that the record supports the immigration judge's decision that Gnizako failed to establish her eligibility for asylum. See 8 C.F.R. § 208.13(b) (2003).

The standard for gaining withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As Gnizako failed to establish she is eligible for asylum, she cannot meet the higher standard for withholding.

Finally, we find Gnizako's due process challenges to the Board's use of the streamlined review procedure set forth in 8 C.F.R. § 1003.1(a)(7) (2003) to be without merit. See Albathani v. INS, 318 F.3d 365, 375-79 (1st Cir. 2003). We further find that summary affirmance was appropriate in this case under the factors set forth in § 1003.1(a)(7)(ii).

2

Accordingly, we deny Gnizako's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>